ROBERT R. FLEMER (SBN 228946)
rflemer@hkemploymentlaw.com
MONTE GRIX (SBN 241050)
mgrix@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
ALTA-DENA CERTIFIED DAIRY, LLC
successor-in-interest to DEAN FOODS OF
SOUTHERN CALIFORNIA, LLC dba
HEARTLAND FARMS



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV13- 4087 BRO(MANx)

| | |
|---|---|
| SELENA KIRKLAND,<br><br>          Plaintiff,<br><br>vs.<br><br>DEAN FOODS OF SOUTHERN CALIFORNIA, LLC dba HEARTLAND FARMS, a California limited liability company, DOES 1 through 250, inclusive,<br><br>          Defendants. | Case No.<br><br>[Los Angeles County Superior Court, Case No. BC506989]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B), 28 U.S.C. § 1332**<br><br>[Filed Concurrently with Notice of Interested Parties, Declarations of Katherine Connell, Marjorie Ball and Monte Grix]<br><br>Complaint Filed:      April 25, 2013 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1331, 1332, 1441(a), (b) and 1446, Defendant, ALTA-DENA CERTIFIED DAIRY, LLC successor-in-interest to DEAN FOODS OF SOUTHERN CALIFORNIA, LLC dba HEARTLAND FARMS ("Defendant") in the Superior Court of California in and for the County of Los Angeles, hereby removes the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

NOTICE OF REMOVAL
CASE NO.

4818-0686-2100

# GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

## I. REMOVAL JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. §1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

On or about April 25, 2013, Plaintiff, Selena Kirkland ("Plaintiff") filed a Complaint in the Superior Court of the State of California, in and for Los Angeles County, entitled *Selena Kirkland v. Dean Foods of Southern California, LLC dba Heartland Farms, a California limited liability company; Does 1 through 250, inclusive*, Case No. BC506989 (hereinafter the "Complaint"). (Declaration of Monte K. Grix ["Grix Decl."], ¶ 2, Exh. A).

The Complaint alleges various state law causes of action, including wrongful termination in violation of public policy and disability discrimination against her former employer, Dean Foods of Southern California, LLC, doing business as Heartland Farms. The Complaint further states that Dean Foods of Southern California, LLC is a "California Limited Liability Company" and a "California Corporation." In fact, it is neither: Dean Foods of Southern California, LLC was a Delaware limited liability company. After the termination of Plaintiff's employment, Dean Foods of Southern California was merged into Alta-Dena Certified Dairy, LLC, also a Delaware limited liability company. A Notice to the State Court of Removal is concurrently being filed with the Superior Court of the State of California in and for the County of Los Angeles and is served on Plaintiff, as required under 28 U.S.C. section 1446(d). (Grix Decl., ¶ 3, Exh. B).

## II. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

The citizenship of a limited liability corporation ("LLC") is the citizenship of the LLC's members. (*See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).) The Plaintiff here has sued Dean Foods of Southern California, LLC, doing business as Heartland Farms. (Complaint at p.1.)

NOTICE OF REMOVAL
CASE NO.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Although Dean Foods of Southern California, LLC was the Plaintiff's employer, as of January 1, 2013, this entity was merged into Alta-Dena Certified Dairy, LLC, and Alta-Dena Certified Dairy, LLC is accordingly the proper defendant. (Declaration of Katherine K. Connell ["Connell Decl."], ¶ 2.)

Alta Dena Certified Dairy, LLC ("Defendant") is a limited liability company formed under the laws of Delaware. (Connell Decl., ¶ 2.) At the time of the filing of the Complaint in this case and as of today, Alta-Dena Certified Dairy, LLC has one member, Dean West II, LLC, which is also a limited liability company formed under the laws of Delaware. (Connell Decl., ¶ 3.) At the time of the filing of the Complaint in this case and as of today, Dean West II, LLC has one member, Dean Dairy Holdings, LLC, which is also a limited liability company formed under the laws of Delaware. (Connell Decl., ¶ 4.) At the time of the filing of the Complaint in this case and as of today, Dean Dairy Holdings, LLC has one member, Dean Holding Company, a corporation formed under the laws of the State of Wisconsin. (Connell Decl., ¶ 5.)

Dean Holding Company is a citizen of: (1) the state in which it is incorporated (Wisconsin); and (2) the state in which it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court recently adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." (*Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).) At the time of the filing of the Complaint in this case and as of today, Dean Holding Company maintains its headquarters in Dallas, Texas at 2711 North Haskell Avenue, Suite 3400, Dallas, Texas 75204. (Connell Decl., ¶ 6.) At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of Dean Holding Company reside and work in the Dallas, Texas

area and, when decisions are made about the business of Dean Holding Company, such decisions are made by those officers in Dallas, Texas. (*Id.*) That is the location of the company's senior management, and the location from which the affairs of the company are directed. (*Id.*) Accordingly, at the time of the filing of the Complaint in this case and as of today, Dean Holding Company's "principal place of business" is in Texas.

As a result, Defendant, Alta-Dena Certified Dairy, LLC, is a citizen of Wisconsin and Texas, not California.

Additionally, on information and belief, Plaintiff is domiciled in, and is a citizen of, California, presently and at the time of filing of the Complaint in the Superior Court for the State of California. There is accordingly complete diversity of citizenship.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

If the amount in controversy is unclear from the Complaint, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." (28 U.S.C. § 1446(c)(2)(B) (as amended by Public Law 112-63, effective Dec. 7, 2011; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007) (court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000).) The Court must consider any "sum which would entail a payment" by the defendant, including damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorneys' fees. (*Guglielmino*, 506 F.3d at 701.) In *Guglielmino,* that Court approved removal jurisdiction based upon conservative estimates of attorneys' fees of 12.5% of actual damages sought, and punitive

damages at a 1:1 ratio with actual damages sought. (*See Guglielmino v.. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007).)

In her Complaint, Plaintiff seeks unspecified general damages, special damages, punitive damages and attorneys' fees. (Grix Decl., Exh. "A," Complaint at pp. 21-22.) Plaintiff alleges that her employment was terminated more than a year prior to the filing of this notice, on or about May 23, 2012. Plaintiff was a full time employee for the duration of her employment with Defendant, meaning she worked at least 35 hours per week, on average. (Declaration of Marjorie Ball ["Ball Decl."], ¶ 2.) Plaintiff's hourly rate of pay at the time of her termination was $20.59. (*Id.* at ¶ 3.) This translates to annual pay of at least $37,473.80, based upon a 35 hour work week (which is a conservative number, given that Plaintiff frequently worked 40 hours or more and earned overtime wages). Applying *Guglielmino*'s analysis and adding sought punitive damages in a 1:1 ratio and attorneys' fees at 12.5% of the actual damages (which Defendant limits to Plaintiff's alleged lost wages for the purposes of this Notice of Removal), the amount in controversy here is no less than $79,631.60, which is in excess of the minimum amount necessary to satisfy diversity jurisdiction.[1]

## IV. THE NOTICE OF REMOVAL IS TIMELY

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. *See, e.g.,* 28 U.S.C. 1446(b). That statute provides in relevant part:

---

[1] Although not necessary to establish that the amount in controversy exceeds $75,000, Defendant notes that Plaintiff also alleges a claim for intentional infliction of emotional distress, for which a jury could award at least $75,000. (Complaint at p. 17; *see, e.g., Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California appellate court upheld jury award in excess of $75,000 for emotional distress damages in a wrongful termination case).) Further, Plaintiff alleges that Defendant owes her an unspecified amount in lost employee benefits for more than a year since her termination. (Complaint, Prayer, p. 21, lines 11 through 13.)

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained that the case is one which is or has become removable** …

28 U.S.C. 1446(b) (emphasis added).

In this case, the complaint was served on May 7, 2013.[2] As indicated above, the named defendant is "Dean Foods of Southern Califorina, LLC." Plaintiff was an employee of Dean Foods of Southern California, LLC, but this entity was merged into Alta Dena Certified Dairy, LLC as of January 1, 2013, and this latter entity is the proper Defendant. (*See* Connell Decl. ¶ 2.) Defendant is further aware that that the allegations and claims in the Complaint concern such employment. Because Defendant is on notice that it is the proper defendant and the real party in interest in this case, no earlier than the May 7, 2013 date of service, it ascertained that this case was removable. Removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. section 1446(b). *See, e.g., Hillberry v. Wal-Mart Stores East, L.P.* 2005 U.S. Dist. LEXIS 15942.

///
///
///
///

---

[2] In fact, service was improper and ineffective, as the Summons and Complaint were hand served upon Alta-Dena Certified Dairy, LLC's receptionist on this date. However, Defendant waives these apparent defects in the service of the Complaint, and acknowledges that it has "notice" of the removability of the complaint.

6

NOTICE OF REMOVAL
CASE NO.

## V.    CONCLUSION

For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a) and 1441.

Dated: June 6, 2013

HIRSCHFELD KRAEMER LLP

By: _____
Robert R. Flemer
Monte Grix
Attorneys for Defendant
ALTA-DENA CERTIFIED DAIRY, LLC
successor-in-interest to DEAN FOODS OF
SOUTHERN CALIFORNIA, LLC dba
HEARTLAND FARMS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On June 6, 2013, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B), 28 U.S.C. § 1332**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 6, 2013, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

| | |
|---|---|
| Gary R. Carlin, Esq.<br>Brent S. Buchsbaum, Esq.<br>Laurel N. Haag, Esq.<br>Maya G. Morales, Esq.<br>Law Offices of Carlin & Buchsbaum, LLP<br>555 East Ocean Blvd., Suite 818<br>Long Beach, CA 90802 | Telephone: (562) 432-8933<br>Facsimile: (562) 435-1656<br>gary@carlinbuchsbaum.com<br>brent@carlinbuchsbaum.com<br>laurel@carlinbuchsbaum.com<br>maya@carlinbuchsbaum.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 6, 2013, at Santa Monica, California.

*Robbin DeRuisé*
Robbin DeRuisé

NOTICE OF REMOVAL
CASE NO.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Beverly Reid O'Connell and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV13- 4087 BRO (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Selena Kirkland

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Alta Dena Certified Dairy, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Carlin & Buchsbaum
555 East Ocean Blvd., Ste. 818
Long Beach, CA 90802
T: (562) 432-8933

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert R. Flemer (SBN 228946)/Monte Grix (SBN 241050)
Hirschfeld Kraemer LLP
233 Wilshire Blvd., Suite 600
Santa Monica, CA 90401
T: (310)255-0705

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332(c) and 1441. The parties are diverse and the amount in controversy exceeds $75,000.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13- 4087

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] NO [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] NO [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas and Wisconsin |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/ Monte K. Grix_ **DATE:** 6/6/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |